## SUPREME COURT.

### BURGESS agt. STITT.

An *affidavit* for an attachment, which omits the *title of the cause*—does not state who "deponent" is, whether plaintiff or defendant—and in no part of which is either *plaintiff or defendant* individually, named, nor is it anywhere stated who is plaintiff or who defendant, is entirely *insufficient.*

And it cannot be properly connected with a summons in the action so as to uphold it, especially where it appears the affidavit was made and sworn to a day previous to the issuing of the summons.

*New-York General Term, March, 1855.*

APPEAL from an order at special term denying a motion to vacate an attachment.

L. C. PIGNOLET, *for plaintiff.*
S. W. CONE, *for defendant.*

By the court—MITCHELL, Justice. An attachment was taken out in this case April 1, 1854, and the affidavit of the plaintiff, together with the summons, and probably an undertaking, were submitted to the judge. The affidavit had no title, and did not refer to the summons or any other paper having the title; but being submitted with the summons very readily misled the judge. The affidavit does not state who the deponent, Burgess, is, or what he has to do with the suit; but states that "this action is brought for the recovery of the sum of $1,200 for goods sold and delivered by plaintiff to defendant," "part of which is secured by a promissory note of the defendant," and "that the defendant is not a resident of this state—and that the defendant has property in this state." In no part of the affidavit is either Burgess or Stitt named, except that Burgess is the deponent; and in no part of it is it stated who was plaintiff or who defendant. It might, therefore, be used in an action to

be brought by any plaintiff against any defendant—even by Stitt against Burgess. Such an indefinite affidavit cannot be the basis of any legal proceeding.

To add to its defects, it was sworn to on the 31st of March, and no summons even was made out until the next day, the 1st of April; nor was any other paper than the affidavit prepared until the 1st of April. There is no possibility, therefore, of considering any of them as having been connected with the affidavit when it was made, so as by connection to sustain it.

The order, denying the motion to vacate the attachment, should be reversed, with $10 costs of appeal and $10 costs of motion below—the defendant stipulating not to sue for the irregularity.

MORRIS, J., concurred.